UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JHONY SANTIAGO CABRERA, Individually
and on behalf of others similarly situated,

                Plaintiffs,

-against-

211 GARAGE CORP., 301 PARK CORP.,
221 THOMPSON STREET PARK CORP.,
PARK IT MANAGEMENT CORP.,
UNKNOWN CORPORATIONS "A-Z"
FRED "FREDDY" WHITE, and
ROY BERNARD,

                Defendants.
------------------------------------------------------------X

05 CV No: 00Ci 2272

CLASS ACTION COMPLAINT
AND JURY DEMAND

Plaintiffs, by their attorneys Michael Shen and Associates, P.C., complain of Defendants and allege as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff Jhony Santiago Cabrera brings this action for wage violations and race, color, national origin, ethnicity, and citizenship discrimination. Plaintiff alleges that defendants violated the Fair Labor Standards Act §§7, 29 U.S.C. §207, and the New York Labor Law §§190, *et seq.* and §650, *et seq.* by employing them without paying them overtime premium compensation for all hours worked in excess of forty per workweek, nor spread-of-hours compensation of an extra hour's pay in each day worked over ten, and by making improper deductions from their pay. Plaintiff further alleges that defendants terminated him and otherwise treated him unfairly because of race, color, national origin, ethnicity, and citizenship discrimination in violation of 42 U.S.C. Section 1981, the New York State Human Rights Law §290 et. seq., and New York City Human Rights Law 8-107 of the

Administrative Code.

## JURISDICTIONAL STATEMENT

2. This Court has jurisdiction over the claims presented pursuant to 28 U.S.C. §§ 1331, 1343, the Fair Labor Standards Act Section 16 ("the FLSA" or "the Act"), as amended, 29 U.S.C. § 216(b), and 1367.

3. Plaintiff invokes the supplemental jurisdiction of this court to consider claims arising under state law.

4. Venue lies in the Southern District of New York, pursuant to 28 U.S.C. 1391.

## PARTIES

5. Plaintiff Jhony Santiago Cabrera is a resident of New Jersey.

6. Defendants 211 GARAGE CORP., 301 PARK CORP., 221 THOMPSON STREET PARK CORP., and PARK IT MANAGEMENT CORP., and UNKNOWN CORPORATIONS "A-Z" (collectively "the Corporate Defendants") are all corporations incorporated and doing business under the laws of the State of New York, with a central place of business located at 250 West 26th Street, New York, New York, 10001 and other places of business located at, inter alia, 211 East 18th Street New York, New York, 10003, 301 East 64th Street, New York, New York, 10021 and 221 Thompson Street New York, New York.

7. Defendants FRED "FREDDY" WHITE and ROY BERNARD are the owners or sole or partial shareholders of the Corporate Defendants, and/or the directors of the Corporate Defendants, and/or officers of the Corporate Defendants.

8. Defendants FRED "FREDDY" WHITE and ROY BERNARD, at all relevant times, exercised complete control over all the Corporate Defendants, and were responsible for and had authority to make, and did make, all personnel decisions, including hiring and firing

and/or devise and implement employment policies by or on behalf of the Corporate Defendants.

9. Defendants conduct business as a partnership and/or joint venture and/or as joint employers of Plaintiff, and as a result, all of Defendants, individually and collectively, jointly and severally, are liable for the claims made herein.

## FACTS

10. Plaintiff Jhony Santiago Cabrera, worked as parking attendant for Defendants from on or about April 3, 1995 through February 28, 2002.

11. Defendants own and operated parking garages in Manhattan.

12. From on or about April 3, 1995 to around August 1996, Mr. Cabrera worked at their 211 Garage Corp. business location, and from about August 1996 until he was terminated around February 22, 2002, he worked at their 301 Park Corp. location.

13. Mr. Cabrera's work performance was excellent.

14. Mr. Cabrera worked for Defendants at the hourly rate of $6.00.

15. Mr. Cabrera worked on average 70 hours per week, but for most of the 30 hours of overtime per week that he worked, he was not paid the statutory overtime rate.

16. Mr. Cabrera was payed only 5 hours of overtime per week from October 6, 2000 to July 2, 2001.

17. Mr. Cabrera was payed only 10 hours of overtime per week from the period of his employment ranging from July 2, 2001 until he was terminated on February 22, 20002.

18. In addition, Defendants failed to pay Plaintiff's spread-of-hours compensation of an extra hour's pay in each day worked over ten hours.

19. Throughout their employment, Plaintiff was also forced to pay for the repair of

       alleged damage done to vehicles in Defendants' various parking lots and garages during his work and while in the scope of his employment.

20. In order to pay for such repairs, Defendants would force Plaintiff, and other employees of Defendants, to make cash payments, which was deducted from their wages.

21. Throughout their employment, Defendants also forced Plaintiff, and other employees of Defendant, to pay for rental car service required for client's whose cars had suffered accident in the garage.

22. Defendants illegally withheld these payments, despite the fact that, upon information and belief, the cost of repairing such damage to vehicles was covered under Defendants' insurance plan(s).

23. Knowing that the law prohibited these illegal deductions, Defendants fraudulently and deceitfully charged Plaintiff and other parking attendants the cost of repair of the damage.

24. Defendants own and/or control and operate approximately 20 separate garages located throughout the borough of Manhattan.

25. Approximately 80 parking attendants work at these separate sites, and are employees of defendants, and far more than one hundred persons have been employed by defendants at these garages during the relevant period.

26. Defendants treated the other parking attendants in the same way that they treated Mr. Cabrera as stated above.

27. Defendants knew that their actions stated herein were violations of state and federal law, and wilfully committed these violations.

## DISCRIMINATION

28. Defendants hired almost exclusively Hispanic workers, almost all of whom

were from Ecuador, and were not American citizens.

29. Defendants so hired because they considered these workers more vulnerable, less able to defend themselves and less able to assert their rights, than Caucasian American citizens.

30. Defendants discriminated against these Hispanic, non-citizen employees by paying them less than their Caucasian counterparts, denying them overtime pay and spread of hours pay, and by making the illegal deductions from their pay.

31. Mr. Cabrera was treated in a discriminatory manner, which was part of a pattern and practice of discrimination caused by and practiced by defendants at all the garages.

32. For instance, a Caucasian employee, Rick Strange, who worked with Mr. Cabrera, was paid more than Mr. Cabrera.

33. After Mr. Strange ceased working for Defendants, Mr. Cabrera assumed Mr. Strange's duties, yet Mr. Cabrera never received a pay increase or a title change to reflect these responsibilities.

34. Mr. Strange, one of Defendants' few white employees, received overtime pay for his work, while Mr. Cabrera and other Hispanics received little to no overtime pay for services rendered.

35. Defendants never made employee Rick Strange, the only white employee of the garage, pay for accident-repairs or rental car services.

36. Only Hispanic workers were made to pay for such repairs.

37. Mr. Cabrera was constantly threatened with termination.

38. Defendants repeatedly told Mr. Cabrera things like "we are going to fire you," " we'll get rid of you," "you're out of here," when Mr. Cabrera would defend himself about his right

to overtime pay and salary increase.

39. Mr. Cabrera was fired because he complained that his salary was never raised even though his responsibilities had doubled.

40. Defendants' discriminatory acts were intentional.

## FIRST CAUSE OF ACTION:
## COLLECTIVE CLAIMS OF VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

41. Plaintiff repeats all allegations previously set forth.

42. Defendants' violations of the FLSA were willful.

43. As a result of the foregoing, Plaintiff seeks judgment against Defendants on his own behalf and on behalf of those similarly situated who file written consents to joinder in this action, granting declaratory relief finding that the overtime pay practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, monetary damages in the amount of all unpaid overtime wages and/or other wages owed by Defendants to Plaintiff and such other persons similarly situated pursuant to 29 U.S.C. § 207, together with an award of an additional equal amount as liquidated damages, costs, interest, and attorney's fees, as provided for under 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION:
## CLASS CLAIM ON BEHALF OF THE NAMED PLAINTIFF
## AND ALL OTHERS SIMILARLY SITUATED FOR
## VIOLATIONS OF NEW YORK LABOR LAW ARTICLES 6 AND 19

44. Plaintiff repeats all allegations previously set forth.

45. Pursuant to Rule 23(b)(2)(3) of the FRCP, this claim for relief is brought on behalf of the named Plaintiff and on behalf of each and all other similarly situated persons who were denied overtime pay or the full and proper payment of their wages in violation of New York Labor Law Articles 6 and 19, §§ 191, 198, 650, *et seq.*

46. The above described class exceeds 100 persons, and is so numerous that joinder of all members is impracticable, and their identities are presently unknown.

47. Plaintiff has been denied overtime pay and/or the full and proper payment of wages, in violation of New York Labor Law Articles 6 and 19, §§ 191, 198, 650, *et seq.*, and the claims of the named Plaintiff are typical of the claims of the above described class, in that the interests of the named Plaintiff are co-extensive with the interests of the other members of the class, and there is a lack of adverse interests between the named plaintiff and the other members of the class.

48. There are questions of law and fact common to the class which predominate over any questions affecting only individual members: Were class members paid the full and proper wages? Were the class members paid overtime wages that complied with the requirements of New York State Law? Were spread of hours wages paid? Were pay deductions proper?

49. The named Plaintiff will fairly and adequately protect the interests of said class.

50. A class action is superior to other available methods for the fair and efficient adjudication of the class claims under New York Labor Law Articles 6 and 19, §§ 191, 198, 650 et.seq.

51. Defendants violated New York Labor Law Articles 6 and 19, §§191, 198, 650, *et seq.*, and the Wage Orders issued thereunder, by failing to pay Plaintiff's overtime and spread of hours wages required under New York State Law, and by illegally making wage deductions.

52. Defendants' violations of New York Labor Law Articles 6 and 19, §§ 191, 198, 650 *et seq.*, were willful.

53. As a result of the foregoing, the named Plaintiff seeks judgment against Defendants on his own behalf and on behalf of all those similarly situated, granting declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, monetary damages in the amount of all unpaid overtime wages and/or other wages and benefits owed by Defendants to Plaintiff, together with an award of costs, interest, and attorney's fees, as provided for under the New York State Labor Law.

54. Plaintiff does not seek liquidated or punitive damages for this claim under the New York State Labor Law.

## THIRD CAUSE OF ACTION:
## DISCRIMINATION IN VIOLAITON OF 42 U.S.C. §1981

55. Plaintiff repeats all allegations previously set forth.

56. Defendants thereby violated 42 U.S.C. §1981.

57. As a result of the foregoing, the named Plaintiff seeks judgment against Defendants granting declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, and monetary damages.

## FOURTH CAUSE OF ACTION
## DISCRIMINATION IN VIOLATION OF STATE HUMAN RIGHTS LAW

58. Plaintiff repeats all allegations previously set forth.

59. Defendants thereby violated the New York State Human Rights Law §290 et. seq.

60. The individual Defendants also aided and abetted the discrimination.

61. As a result of the foregoing, the Plaintiff seeks judgment against Defendants granting declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, and monetary damages.

## FIFTH CAUSE OF ACTION:
## DISCRIMINATION IN VIOLATION OF CITY HUMAN RIGHTS LAW

62. Plaintiff repeats and re-allege all allegations previously set forth.

63. Defendants thereby violated the New York City Human Rights Law 8-107 of the Administrative Code.

64. The individual Defendants also aided and abetted the discrimination.

65. As a result of the foregoing, the Plaintiff seeks judgment against Defendants granting declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, and monetary damages.

WHEREFORE, Plaintiff demands judgment against Defendants for the following relief:

A. Relief sought for each Cause of Action;

B. Interest, costs, disbursements and attorneys' fees;

C. Such other and further relief as this court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

Dated: New York, New York
February 18, 2005

By: **MICHAEL SHEN AND ASSOCIATES, P.C.**

_____
Michael Shen (MS: 5714)
Attorneys for Plaintiff
225 Broadway - Suite 2515
New York, New York  10007
212-227-0300

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X    Index No: 00Civ.
JHONY SANTIAGO CABRERA, Individually
and on behalf of others similarly
situated,

                    Plaintiffs,
                                                    CONSENT

        -against-


211 GARAGE CORP., 301 PARK CORP.,
PARK IT MANAGEMENT CORP. and
FRED "FREDDY" WHITE, ROY BERNARD.

                    Defendants.
--------------------------------X
                       CONSENT

State of New York   )
                        ss.:
County of New York  )
```

I, Jhony Santiago Cabrera, being duly sworn, state that I consent to be the Plaintiff in this action, and understand that there is a claim in this action for discrimination and overtime pay under the Fair Labor Standards Act.

_____
Jhony Santiago Cabrera

Sworn to before me this 16
day of February, 2005

_____
Notary Public

Michael Shen
Notary Public, State of New York
No. 01-493/669
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES 06/19 2006

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JHONY SANTIAGO CABRERA, Individually
and on behalf of others similarly situated,

                      Plaintiffs,

-against-

211 GARAGE CORP., 301 PARK CORP.,
221 THOMPSON STREET PARK CORP.,
PARK IT MANAGEMENT CORP.,
UNKNOWN CORPORATIONS "A-Z"
FRED "FREDDY" WHITE, and
ROY BERNARD,

                      Defendants.
-------------------------------------------------------------X

Index No: 00Civ.

CLASS ACTION COMPLAINT
AND JURY DEMAND

MICHAEL SHEN AND ASSOCIATES, P.C.
Attorneys for Plaintiff

Office and Post Office Address, Telephone

**225 BROADWAY
SUITE 2515
NEW YORK, NEW YORK 10023-2130
212-227-0300**